■ CARMELLA BUEMI et al., Appellants, v. DANIEL J. MARIANI et al., Respondents. (Action No. 1.) JOSEPH M. MANFREDI et al., Appellants, v. DANIEL J. MARIANI et al., Respondents. (Action No. 2.) — Appeals from judgments of the Supreme Court in favor of defendants, entered June 6, 1972 in Schenectady County, upon verdicts rendered at a Trial Term, and from orders of said court which denied plaintiffs' motions to set aside the verdicts. These negligence actions arise out of an accident which occurred on August 20, 1969 involving a tractor owned by defendant Eastern Freightways, Inc., and operated by defendant Mariani and an automobile owned by plaintiff Giovanna Buemi and operated by plaintiff Carmella Buemi in the toll plaza at Exit 24 of the New York State Thruway at approximately 8:00 A.M. Riding as a passenger in the Buemi car was plaintiff Theresa Manfredi. She brought an action for personal injuries and her husband has brought a derivative action (Action No. 2). Plaintiff Carmella Buemi also brought an action for personal injuries and Giovanna Buemi sued for property damage as an absentee owner (Action No. 1). It is conceded that just prior to the collision plaintiff Buemi's vehicle had left the toll booth and was proceeding easterly and that the tractor had been proceeding westerly and was in the process of negotiating a left-hand turn. The jury returned a verdict of no cause for action in all of the actions. We are limited to an inquiry as to whether the verdict of the jury was supported by the evidence, since no error in the charge to the jury or in the admission of evidence is claimed. It can only be said that the verdict was contrary to the weight of the evidence if the testimony was such that reasonable men could not have reached the jury's conclusion. An examination of defendant Mariani's testimony discloses that there was present in the record adequate support for the jury's verdict that he was free of negligence. Mariani testified that as he started his turn, he observed two vehicles in the eastbound lanes. Both were stopped at the toll booths paying their tolls and had not yet started out of the toll booths when he commenced his turn. He further testified that after starting his turn, when he was five or six car lengths from the booths, he observed that the car in toll booth number 2 " dashed right out " and " gunned it ". Defendant testified that when he realized that this car was about to strike his vehicle, he stopped. While stopped, plaintiff Buemi. who had been in the adjacent toll booth, drove her vehicle into the hub of his right rear wheel. The jury accepted this testimony as they were of course free to do. The jury could properly find that the defendant had not violated section 1141 and subdivision (b) of section 1166 of the Vehicle and Traffic Law. Nothing in those sections prohibits per se left-hand turns across lanes of traffic for vehicles proceeding in the opposite direction, nor do they raise any presumption against one making such a turn which that person is required to disprove. Defendant's testimony was such that, if believed, a jury could find no immediate hazard created by his actions under section 1141. The law only proscribes such turns if they could not be made with reasonable safety. Judgments and orders affirmed, without costs. Herlihy, P. J., Staley, Jr. and Greenblott, JJ., concur; Sweeney and Kane, JJ., dissent and vote to reverse in a memorandum by Sweeney, J. Sweeney, J. (dissenting).— We do not agree with the majority. An examination of the record in its entirety clearly demonstrates that defendant driver Mariani was guilty of negligence which contributed to the happening of the accident. The jury's implicit finding to the contrary is against the weight of credible evidence. It was not solely a question of Mariani's stopping. The record establishes that the Buemi vehicle never left its own lane. It could not turn left because of defendant's tractor and could not turn right because of the unidentified third vehicle. It was this third vehicle which was occupying

Mariani's attention just prior to the collision. Mariani was attempting to avoid a collision with the third vehicle when the accident with the Buemi vehicle occurred. It was his negotiating of a left-hand turn across the highway under the circumstances which was a proximate cause of the accident. This is particularly so in view of section 1141 and subdivision (b) of section 1166 of the Vehicle and Traffic Law. While the Trial Judge denied the motion to set aside the verdicts on the ground that plaintiffs failed to prove their causes of action as alleged, he indicated, on the other hand, that a finding that Mariani was free from negligence was against the weight of the credible evidence. Under the circumstances the judgments in the Manfredi passenger action and her husband's derivative action, together with the action brought by the absentee owner of the Buemi vehicle, must be reversed and a new trial ordered. As to the driver of the Buemi vehicle, the jury could, on this record, find her guilty of contributory negligence and, therefore, not entitled to recover.