■ WILLIAM H. SNELL, JR., as Administrator of the Estate of ERIC SNELL, Deceased, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.—Appeal (1) from a judgment of the Supreme Court in favor of defendant, entered September 24, 1970 in Fulton County, upon a verdict of no cause of action rendered at Trial Term, and (2) from an order of said court made at the close of the trial which denied plaintiff's motion for a new trial on the ground that the verdict was against the weight of evidence. In this wrongful death action arising out of an accident in which a four-year-old boy was killed, the jury returned a verdict of no cause of action and a motion to set the verdict aside as against the weight of evidence was denied. This appeal ensued and in addition to the weight of evidence issue plaintiff urges several alleged errors pertaining to the conduct of the trial requiring reversal. From our examination of the record we are of the view that even if the jury believed the testimony of the sole witness to the events surrounding the accident, with no proof introduced by defendant, they could, nevertheless, properly find for the defendant *(Buemi v Mariani,* 41 AD2d 1002). Consequently, we may not disturb the verdict unless reversible error was committed during the trial. Upon consideration of each of plaintiff's contentions, it is this court's opinion that no reversible errors were committed at trial. As to the failure to record exceptions during the summation, the record reveals that both attorneys waived their right to have the summations recorded. Furthermore, plaintiff's attorney did not request that the objectionable statements and the court's ruling thereon be recorded. Contrary to plaintiff's contention, the record also reveals that the court corrected its initial error as to the rule of contributory negligence as it pertains to an infant and specifically charged that the decedent was *non sui juris* and, therefore, the contributory negligence issue was to be disregarded. The other issues raised by plaintiff do not require further comment by us. The judgment should be affirmed. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.