ROBERT THORNE, Appellant-Respondent, v MIGNON THORNE, Respondent-Appellant.

First Department, February 6, 1979

## APPEARANCES OF COUNSEL

*Burton I. Monasch* of counsel *(Arnold C. Stream* and *Robert G. Smith* with him on the briefs; *Monasch Chazen & Stream,* attorneys), for appellant-respondent.

*Irving I. Erdheim* of counsel *(Leonard C. Shalleck* with him on the brief; *Erdheim, Shalleck & Frank,* attorneys), for respondent-appellant.

## OPINION OF THE COURT

MARKEWICH, J.

Plaintiff had instituted suit against his wife, primarily for divorce on the ground of cruelty, with a second cause seeking to impress a trust upon certain real estate held in the wife's name; she counterclaimed, seeking divorce or separation on several grounds, and related relief. At trial, he withdrew his divorce cause, and proceeded to prosecute his equitable cause. After trial, she was granted a divorce for abandonment, and, in connection therewith, alimony, child support, counsel fee, a sum by way of reimbursement for necessaries, and judgment for arrears in temporary alimony. The husband's equitable cause was dismissed. There has been no showing by either side that, except for counsel fee, the money portions of the judgment are irrational and they shall stand.

We vacate the grant of counsel fee. The wife is not entitled by statute or case law to have the husband assessed for her defense to his second cause of action seeking to impress a trust on real estate. No breakdown of the services in this regard has been furnished. But even so, having paid her lawyer what we consider an adequate amount for all services, she is not entitled to recoupment, even if she borrowed the money from her parents and desires to repay them. *(Kann v Kann,* 38 AD2d 545; *Winter v Winter,* 39 AD2d 69, affd 31 NY2d 983.) Should her parents be advised to sue the husband directly, they are free to do so, but that was not before Special Term. The trial court should not have attempted to achieve such a result by awarding counsel fee to the wife "to be repaid to her parents."

We turn to the cause for impression of a trust. Some nine years after their marriage, the parties decided to invest in real estate. They bought various parcels in Suffolk County in their joint names as tenants by the entirety. The purchases were for rental purposes and that income was deposited in a joint account. They used that account for maintenance of the properties. All the purchase money and deficits in the maintenance account were supplied by the husband. All management was handled by him. All mortgages obligated them jointly, though all payments thereon were made by him.

One of the last purchases was the one-acre Knapp property, owned by a couple of that name, acquired by the parties, like all the others, with the husband's money, and held jointly, all payments on the mortgage being made by him. The contract of purchase contained an option to both parties to acquire a contiguous piece, less than an acre in size, referred to as the boathouse property. Plaintiff and defendant together exercised that option, and the boathouse property was bought, paid for by the husband, with one mortgage covering both the former Knapp properties, with both parties obligated on the mortgage. But now there was a difference: title to the boathouse property was taken in the wife's name alone. She claims it is hers by gift, and Special Term, by dismissing the equitable cause, has declared her its sole owner.

Immediately one may inquire why, with all other property held as tenants by the entirety and all other transactions of acquisition being identical in form, and with the preliminary aspects of this purchase—exercise of the option by both, payment of the price by defendant, one mortgage with joint obligors covering both, etc.—it was decided to take title in the wife's name. The explanation is simple. As plaintiff testified, Mrs. Knapp alone had owned the boathouse property though the Knapp couple jointly owned the other; had she not, the two Knapp properties being contiguous, and the owners of both being the same, the two parcels would have merged into one. There was a house on each piece, antedating the enactment of an ordinance fairly common to suburbia, forbidding building on parcels of land less than an acre in size. The ordinance when enacted contained a "grandfather clause" permitting pre-enactment nonconforming use to continue. Merger into one parcel would have destroyed the exemption, which would however continue if the Knapp ownership situation were continued by the new owners, the parties here.

Otherwise a prime factor of saleability of the property would have disappeared, reducing its value. It is well to remember at this juncture that investment property, not residential property, is here involved. Plaintiff said that this had been explained by his real estate lawyer some time prior to the boathouse purchase, and that he did not, as his wife claims, make a spur-of-the-moment gift to her at closing. One interesting piece of evidence pointing to intent is that the assignment form on the back of the purchase contract, which had been drawn pursuant to the option exercised jointly by both, was never executed in the wife's favor at the closing, or at all. To add to all of this, in the period between the boathouse acquisition and the parties' separation, plaintiff managed and maintained that property like all the others.

The real estate lawyer was defendant's cousin. He was an evasive witness, to say the least. He had no recollection of a discussion with plaintiff as to the possible results of taking title jointly. He had no recollection of even having discussed existence of the local ordinance! He corroborated the wife as to the husband's last minute gift at the closing, but a letter written by him long before the closing in which he spoke of a decision to have the wife take title, was introduced, and he had no rational explanation. Considering the history of the various transactions, the sheer credibility of the reason for a change in the longtime pattern, and all the circumstances, the events happened, we have no doubt, as plaintiff related them.

Since Special Term did not "state the facts it deems essential" in the decision (CPLR 4213, subd [b]), we do not know the reason for dismissal of the equitable cause. All that is found by way of explanation is, in the decision, that "the husband's request for imposition of a trust * * * is denied"; in the judgment, only that "the cause is dismissed on the merits"; and, in the findings: "the plaintiff has failed to establish his cause of action". Defendant's brief recites—and we agree—that to impress the trust here sought, "it must be alleged and proven that there is (1) a confidential or fiduciary relationship; (2) a promise; (3) a transfer in reliance thereon; and (4) unjust enrichment *(Sharp v. Kosmalski,* 40 N.Y.2d 119 * * *)." Compliance with these requirements is not to be ticked off from a list *in haec verba.* We must look to all the surrounding circumstances. There is no more common or strong or complete fiduciary relationship than a happy marriage, as it was at that time (see *Janke v Janke,* 47 AD2d 445, affd 39 NY2d

786), and the promise here, not spoken, is implicit in the relationship itself and particularly so in the long history of the "partnership" in real estate ownership. It is the sort of promise referred to by Judge CARDOZO in *Wood v Duff-Gordon* (222 NY 88, 91), and the transfer to the wife was "in reliance upon her honor." *(Sinclair v Purdy,* 235 NY 245, 254, CARDOZO, J., referring to a sister.) And as to unjust enrichment, what words better describe the wife's taking all the benefits of the boathouse property, added to the other benefits of a half-interest, never contributed to by her either in money or services, in real estate worth upwards of a quarter million dollars. The necessary elements of a constructive trust are all there, and plaintiff should have been granted judgment on the equitable cause for the reasons we have stated. Having so determined in this nonjury case, "it is within the province of this court to grant the judgment which, upon the evidence should have been granted by the trial court." *(De Mayo v Yates Realty Corp.,* 35 AD2d 700, 701, affd 28 NY2d 894; also, see, CPLR 5522; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.20.) Accordingly, judgment impressing a trust as prayed for in the second cause of action should be awarded to plaintiff. Findings and conclusions consonant with the foregoing are deemed made and substituted for those not in conformity therewith.

Judgment, Supreme Court, New York County (SHORTER, J.), entered April 25, 1978, should be modified, on the law and the facts, to strike the provision for payment of counsel fee by plaintiff-appellant-respondent husband to defendant-respondent-appellant wife, and to vacate dismissal of the second cause of action in the complaint as against the weight of evidence, and to grant judgment thereon to plaintiff-appellant-respondent, and should be otherwise affirmed, without costs and without disbursements.

Settle order.

KUPFERMAN, J. P., BIRNS, EVANS and LUPIANO, JJ., concur.

Judgment, Supreme Court, New York County, entered on April 25, 1978, unanimously modified, on the law and the facts, to strike the provision for payment of counsel fee by plaintiff-appellant-respondent husband to defendant-respondent-appellant wife, and to vacate dismissal of the second cause of action in the complaint as against the weight of evidence, and to grant judgment thereon to plaintiff-appellant-

respondent, and otherwise affirmed, without costs and without disbursements.

Settle order.