JANE M. TOMAINO, Respondent, v FRANK V. TOMAINO, Appellant.

Fourth Department, May 22, 1979

APPEARANCES OF COUNSEL

*Joseph M. Kelly (Raymond De Silva* of counsel), for appellant.

*Anthony J. Di Caprio, Jr.,* for respondent.

OPINION OF THE COURT

CALLAHAN, J.

Defendant appeals from a judgment which, *inter alia,* granted mutual divorces, decreed that defendant's solely owned real property is subject to a constructive trust for the benefit of plaintiff in the sum of $100,356.59, and directed sale of the marital residence. Defendant relying on *Saff v Saff* (61 AD2d 452, app dsmd 46 NY2d 969) contends that there is insufficient evidence to support the imposition of a constructive trust against his real property and maintains that any

moneys advanced to improve the realty were in furtherance of the partnership interest.

Plaintiff, a widow with two children, and defendant, a divorcee with three children, were married in New York on June 22, 1974. The parties and the respective children established residence in a one-family frame dwelling owned by the defendant on the north shore of Oneida Lake valued by the defendant when purchased in the amount of $48,000. Prior to their marriage, plaintiff acquired approximately $185,000 through inheritance. On April 15, 1974 defendant executed a promissory note payable to the plaintiff on July 7, 1974 in the sum of $60,000. It is uncontroverted that commencing in July, 1974 additional amounts of plaintiff's moneys totaling $100,356.59 were utilized in remodeling the marital residence enhancing its value to approximately $200,000. Defendant, a sales representative for clothing products, operated his business on the road from a mobile van and locally from a small store. In September, 1974 the parties became partners in the Sunset Bay Clothing Co. which operated from a newly purchased mobile home and by utilizing a portion of the subject premises. The property was never listed as a partnership asset and always remained solely the property of the defendant.

The purpose of a constructive trust is prevention of unjust enrichment. The essential elements required to impose a constructive trust are well established. Before the court may find that defendant holds his separately owned property as trustee for the plaintiff's benefit, plaintiff must prove that there was (1) a promise by him (expressed or implied), (2) which caused her to transfer her funds relying on the promise, (3) that a confidential relationship existed, and (4) that defendant has been unjustly enriched *(McGrath v Hilding,* 41 NY2d 625; *Sharp v Kosmalski,* 40 NY2d 119; *Janke v Janke,* 47 AD2d 445, affd 39 NY2d 786; *Saff v Saff, supra).* Since a constructive trust is a remedial device fashioned by equity to right a wrong, formal requirements of substantive trust law need not be found before a court may grant relief *(Simonds v Simonds,* 58 AD2d 305, affd 45 NY2d 233). The imposition of a trust is determined from all of the circumstances which show a need for the correction of some act of fraud or breach of duty or confidence.

The record discloses that defendant recommended use of plaintiff's funds for the improvements rather than applying for bank financing. A request by plaintiff for her name to be

included on the deed was eluded as a costly process and by a representation to her by the defendant that it was not needed as there was a community property law in New York State. Improvements were then made to defendant's property with substantial funds paid or pledged. It is apparent that plaintiff was motivated by the confidential relationship arising out of the marriage. Clearly there was a reliance on her part on the promise of her husband that the funds advanced by her were to be used for her benefit. Unjust enrichment does not require the performance of any unlawful act by the one enriched *(Simonds v Simonds, supra)*. What is required is that a party hold property under such circumstances that in equity and good conscience he ought not to retain it *(Sharp v Kosmalski, supra)*. The only argument advanced to refute the imposition of a constructive trust herein is that the property which is subject to the trust is partnership property. This argument is totally without merit. While a portion of the property was utilized in the business, there is no proof that it was ever intended to be a partnership asset but rather the marital residence was to be used jointly by the parties and their respective children.

On appeal we should view the record in a light most favorable to sustain the trial court's judgment and give due deference to its findings on credibility *(Van Roo v Van Roo,* 268 App Div 170, affd 294 NY 731; *McCall v Town of Middlebury,* 52 AD2d 736). We must look to all the prevailing circumstances surrounding the transfer of the funds. There is no more confidential relationship than a good marriage as this one was at the time the moneys were expended *(Janke v Janke, supra)*. Where the parties are husband and wife, there is a duty of fairness in financial matters which gives rise to the creation of a constructive trust for the purpose of preventing any unjust enrichment. If the defendant is allowed to keep the beneficial interest represented by the substantial improvements in the marital residence with the plaintiff's funds, not only would he be unjustly enriched but plaintiff and her children who have exhausted their inheritance would be without funds and destitute. The necessary elements of a constructive trust are all present and accordingly the judgment impressing the trust is proper for the reasons stated in the findings and determinations by the trial court *(Thorne v Thorne,* 66 AD2d 397; *Simonds v Simonds, supra)*. The defendant is not compelled by the court to convey the property

because he is a trustee; he is a trustee because the court determines that he has an equitable duty to convey it (Restatement, Restitution, § 160, comments *a, c*). We find that the reliance on the promise herein was induced by the marriage relationship and that the tender of funds for the improvement of property was made by her for her benefit and not for business or partnership purposes. Hence, defendant's reliance on *Saff v Saff (supra)* is inappropriate.

We find no merit to defendant's claim of prejudicial error by the court in refraining from conducting a bifurcated trial. No objection was made to preserve this point for review. Any matter not preserved by an appropriate objection is waived on appeal *(Glow-Brite Elec. Serv. Corp. v Frocol Rest. Corp.,* 56 AD2d 909); nor is there any merit in the claim of prejudice in the court denying a continuance until another date to hear testimony determined by the court to be merely cumulative.

The judgment should be affirmed.

CARDAMONE, J. P., HANCOCK, JR., SCHNEPP and WITMER, JJ., concur.

Judgment unanimously affirmed, with costs.