■ MAX B. FENDLER et al., Respondents, v ROBERT THORNE, Appellant. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered January 2, 1981, denying defendant's motion to strike the action from the Trial Calendar on condition that plaintiffs appear and complete depositions within 30 days, and denying, by reason of inadequate showing of special circumstances, defendant's request to depose the attorney who had represented defendant's wife in the divorce action, is unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of directing the attorney to appear for deposition, under terms of an order to be settled herein, and the order of Special Term is otherwise affirmed, without costs. This action is an attempt by the parents of one of the litigants to a divorce proceeding to recover expenditures for attorney's fees from the adversary party in the divorce proceeding. Plaintiffs' daughter, Mignon Fendler Thorne, won a divorce judgment against defendant herein in 1978. On appeal, we modified that judgment to the extent of granting defendant's equitable claim to a trust upon certain Long Island real estate held in his wife's name. We further modified the judgment by vacating a sizeable counsel fee which the trial court had ruled should be repaid to the wife's parents, who had footed her legal expenses

*(Thorne v Thorne,* 66 AD2d 397). We noted therein that the amount in question which was paid to the lawyer, although apparently reasonable, could not be recovered by the wife because she was not the real party in interest with regard to this payment. At best, she had merely borrowed the money from her parents, and thus they would have to sue in their own names for recovery of this expenditure. We further noted that the breakdown of the attorney's services was inadequate inasmuch as the wife was not entitled to assess her husband for so much of the fees of her legal representation as was devoted to defense against his cause of action seeking impression of the trust on real property. In the instant action the wife's parents seek to recover from the husband $20,650 of the legal fees paid to the wife's attorney, who has resisted attempts to depose him for the purpose of justifying the amount of recovery to which the plaintiffs herein may be entitled. Instead, he has referred defendant to his affidavit of services submitted in the record of the divorce proceeding. We have already rejected that statement of services as inadequately itemizing that portion of counsel fees related to the equitable claim of a constructive trust, which we have ruled is not recoverable. Thus, before the issue can even be reached as to whether plaintiffs herein advanced the fees to the attorney with the intention of seeking recoupment at some future date, it must first be determined which portion of those fees is attributable to the services other than the defense to defendant's equitable claim. Only the attorney can furnish that information. Because of the age of plaintiffs herein, we decline to strike this case from the Trial Calendar. There should be an expeditious completion of the deposition of the attorney. Settle order. Concur — Birns, J. P., Ross, Markewich and Fein, JJ.