■ SENECA DRESS COMPANY, Appellant, v BEA-JAY MANUFACTURING CORPORATION, Respondent.—Mikoll, J. Appeal from an amended judgment of the Supreme Court (Plumadore, J.), entered October 21, 1988 in Franklin County, upon a verdict rendered in favor of defendant.

Plaintiff, a New York City garment manufacturer, orally

agreed with defendant, a clothing contractor located in Franklin County, to supply defendant with fabric, cloth, thread and trimmings which defendant would cut and sew, thereby producing clothing apparel for plaintiff. There came a time when defendant was unable to pay its operational expenses and, when it appeared on October 29, 1986 that defendant's insurance coverage had expired at midnight the previous day, defendant closed the plant and went out of business. At that time, defendant's vice-president, Jay Halprin, asserted that $47,875.40 worth of labor had gone into plaintiff's unfinished materials in the plant.

Plaintiff commenced this action in replevin for either the return of the materials or the value thereof, stated in the complaint to be $7,000 plus $25,000 in damages. Defendant submitted a counterclaim asserting that it had a valid artisan's lien on the unfinished material under Lien Law § 180 and that it would return the material to plaintiff upon payment of $50,000 due for work, labor and services performed by it on such material.

In charging the jury after the close of the trial evidence and summations, Supreme Court submitted eight questions for the jury to determine, including: whether, in fact, a contract existed between the parties; if so, which party breached it and the amount of damages due; and whether defendant was guilty of having unlawfully converted plaintiff's property. The jury found that a contract existed between the parties, plaintiff breached it, defendant was damaged in the sum of $47,873 and defendant had not converted plaintiff's material. Plaintiff's subsequent motion for judgment notwithstanding the verdict was denied. This appeal ensued.

There should be an affirmance. Initially, we note that plaintiff's contention that Supreme Court's charge to the jury was erroneous and requires a new trial has not been preserved for appellate review. Plaintiff failed to timely object to the charge at the time it was given (see, CPLR 5501 [a] [3]) and has therefore waived review of the issue (see, Tomaino v Tomaino, 68 AD2d 267, 270) in the absence of a claim that there was no opportunity to object (see, Meyers v Fifth Ave. Bldg. Assocs., 90 AD2d 824, 825). Plaintiff's request that this court exercise its power to review the charge in the interest of justice (see, Zipay v Benson, 47 AD2d 233) is rejected. We do not find this to be an appropriate case for the exercise of such discretion.

Plaintiff's next argument, that reversal is required because the verdict of the jury was not supported by the weight of the

credible evidence, is without merit. Plaintiff's claim that the jury should not have been allowed to determine that plaintiff breached its contract with defendant by failing to guarantee defendant's payroll, because there was not evidence that it agreed to do so, is not supported by the trial record. Halprin testified that plaintiff controlled defendant's money flow. He told of a meeting he attended in early 1985 with, among others, Jerome Goldburg, the trustee for the owners of 50% of the stock of defendant, and Michael Riolo, plaintiff's production supervisor, at which Halprin informed them that, unless plaintiff guaranteed defendant's gross payroll, he was going to stop making dresses. Thereafter, plaintiff began paying defendant's bills but defendant was going deeper and deeper into debt. Halprin stated that he credited the advances against the price of finished work. Halprin asserted that, as of October 28, 1986, plaintiff owed defendant $3,370.03. Halprin said that in 1986 plaintiff told him it was going to take over defendant's insurance coverage and put capital into the company in an effort to reorganize it. On October 29, 1986, Halprin found that the insurance had expired at midnight of the previous day. He called Goldburg and advised him that he could not in good conscience permit truckers to make deliveries without liability insurance or ask employees to be in the factory without workers' compensation. Goldburg suggested that he close the plant, which he did. Halprin testified that, at the time he closed the plant, $47,875.40 worth of labor had gone into plaintiff's unfinished materials.

In view of Halprin's testimony on the issue of whether plaintiff agreed to guarantee defendant's payroll, the case was properly submitted to the jury and the jury's verdict should not be disturbed on appeal (see, Chodos v Flanzer, 109 AD2d 771; Tomaino v Tomaino, 68 AD2d 267, supra; Boyle v Gretch, 57 AD2d 1047; McCall v Town of Middlebury, 52 AD2d 736). A verdict should only be set aside where the evidence is such that reasonable people could not have reached the jury's conclusion (Buemi v Mariani, 41 AD2d 1002). Once having decided the liability question in favor of defendant, it was proper for the jury to base defendant's damages on the enhanced value of the materials. Additionally, when payment of the enhanced value is made, the enhanced material will be returned to plaintiff.

Amended judgment affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.