■ Marie T. Elmlinger, Appellant, v Board of Education of the Town of Grand Island et al., Respondents.—Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff against defendant City in accordance with the following memorandum: Plaintiff commenced this action to recover for personal injuries sustained in 1982 when she fell while descending allegedly defective or dangerous aluminum risers placed in the Niagara Falls Convention Center to permit access to bleacher seating at a high school graduation ceremony. At the close of plaintiff's case, defendants Board of Education of the Town of Grand Island (Board) and City of Niagara Falls (City) moved pursuant to CPLR 4401 to dismiss the complaint. The Board contended that the evidence failed to demonstrate that it had control over the premises or the aluminum risers, and in support of its argument it cited its lease for use of the convention center as well as the testimony of convention center and school district personnel. The trial court properly granted the Board's motion. A lessee having no control over the premises or place where the injury occurred has no duty to warn a plaintiff of an allegedly defective or dangerous condition *(see, Putnam v Stout,* 38 NY2d 607; *Vogel v West Mountain Corp.,* 97 AD2d 46; *Garcia v Arbern Realty Co.,* 89 AD2d 616).

It was error, however, to grant the motion of defendant City. That defendant argued, in part, that plaintiff failed to prove that the construction of the aluminum risers violated building or fire codes. In granting the motion, the court ruled that the absence of proof of a breach of an objective standard was fatal to plaintiff's case.

To establish a prima facie case of negligence, a plaintiff must prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury sustained as a result of the breach *(Boltax v Joy Day Camp,* 67 NY2d 617; *Solomon v City of New York,* 66 NY2d 1026). It is undisputed that the City, as owner/operator of the convention center, was under a duty to exercise reasonable care under the circumstances to maintain the property in a safe condition *(Basso v Miller,* 40 NY2d 233). Plaintiff's proof concerning the alleged defective or dangerous condition included the testimony of a "human factors consultant", who advanced the theory that the "homogenous" appearance of the risers due to the color and horizontal tread pattern, obscured the risers' edge and the change of levels, thus creating a risk that a user would fall *(see, Watt v United States,* 444 F Supp 1191 [D DC 1978]). There was also testimony that the edges of the risers were not

marked, and photographs of the risers, including some taken from the vantage of one descending the risers, were introduced to demonstrate their condition. Finally, plaintiff testified that "had the marker [on the riser edge] been there, I would have known I wasn't stepping far enough".

A motion to dismiss for failure to present a prima facie case may be granted only if there is no rational basis by which the jury could have found for plaintiff *(Nicholas v Reason,* 84 AD2d 915). Here, the testimony and opinion of the human factors analyst regarding the necessity of a visual cue of the existence of a step and the lack thereof on the risers in question, combined with plaintiff's testimony, was sufficient to establish a prima facie case. The jury should have been permitted to decide whether the condition of the risers posed a reasonably foreseeable risk of harm requiring that corrective or precautionary measures be taken by the City.

Accordingly, we affirm that part of the judgment dismissing plaintiff's complaint against defendant Board, but we reverse that part thereof dismissing the complaint as against defendant City, reinstate the complaint and order a new trial against that defendant. (Appeal from judgment of Supreme Court, Niagara County, Mintz, J.—negligence.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.