■ CHAD DUKES, Respondent, v BETHLEHEM CENTRAL SCHOOL DISTRICT et al., Defendants, and SHENENDEHOWA CENTRAL SCHOOL DISTRICT, Appellant. [629 NYS2d 97] —Peters, J. Appeal from an order of the Supreme Court (Kahn, J.), entered April 14, 1994 in Albany County, which, *inter alia*, denied defendant Shenendehowa Central School District's motion for summary judgment dismissing the complaint against it.

At a track meet hosted by defendant Bethlehem Central School District (hereinafter Bethlehem), track teams from Colonie Central High School, Bethlehem Central High School and Shenendehowa High School competed. Plaintiff, as a member of the Colonie track team, suffered a broken leg while participating in the long jump event. Alleging that the long jump's landing pit had not been properly prepared and was in a dangerous condition at the time of the meet, plaintiff commenced this action against Bethlehem, defendant South Colonie Central School District and defendant Shenendehowa Central School District (hereinafter Shenendehowa).

Following joinder of issue, each school district moved for summary judgment dismissing the complaint. Supreme Court denied the motions and Shenendehowa now appeals.

It is axiomatic that before a defendant may be held liable for negligence it must be shown that the defendant owed a duty to the plaintiff (*see, e.g., Pulka v Edelman*, 40 NY2d 781, 782). School districts have been held to owe a duty of exercising reasonable care to protect student athletes who voluntarily participate in extracurricular interscholastic sports from unassumed, concealed or unreasonable risks (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658; *Laboy v Wallkill Cent. School Dist.*, 201 AD2d 780). Yet, a determination as to whether a defendant owes a duty of care depends upon a determination that the defendant had "sufficient control over the event to be in a position to prevent the negligence" (*Vogel v West Mtn. Corp.*, 97 AD2d 46, 49; *see, McGrath v United Hosp.*, 167 AD2d 518, 519). Here, Shenendehowa contends that it owed no duty because plaintiff was not a student at its school, it was not the

host of the track meet whereby it would be responsible for the preparation and maintenance of the pit area, and plaintiff had assumed the risks inherent in the long jump event.

Our review of the evidence submitted by Shenendehowa indicates that it has sustained its burden in showing that it did not have "sufficient control over the event to be in a position to prevent the negligence" (*Vogel v West Mtn. Corp., supra,* at 49). The deposition transcripts of the coaching staff at both Bethlehem Central High School and Colonie Central High School indicate that the host school, here Bethlehem Central High School, was responsible for the preparation of the pit area and the hiring of all referees who observed the events. Plaintiff's deposition and the transcript taken of his 50-h hearing do not belie these facts. Hence, in viewing the theory advanced by the complaint, as amplified by the bill of particulars, we find that Shenendehowa has sufficiently established that it did not have sufficient control over the long jump event or the area such that it would be in a position to avert the alleged negligence (*see, Vogel v West Mtn. Corp., supra; Jewish Bd. of Guardians v Grumman Allied Indus.,* 96 AD2d 465, *affd* 62 NY2d 684). Further, we find no evidence in the record sufficient to sustain the claim of the existence of a special duty upon Shenendehowa.

Accordingly, we reverse so much of Supreme Court's order which denied Shenendehowa's motion for summary judgment dismissing the complaint against it.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Shenendehowa Central School District's motion; said motion granted, summary judgment awarded to defendant Shenendehowa Central School District and complaint dismissed against it; and, as so modified, affirmed.