■ MARK EISENBERG, as Father and Natural Guardian of LAUREN EISENBERG, an Infant, et al., Plaintiffs-Respondents, v EAST MEADOW UNION FREE SCHOOL DISTRICT, Appellant, and VALLEY STREAM CENTRAL SCHOOL DISTRICT, Respondent. [657 NYS2d 434] —In an action to recover damages for personal injuries, etc., the defendant East Meadow Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered May 2, 1996, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the

complaint and all cross claims are dismissed insofar as asserted against the defendant East Meadow Union Free School District, and the action against the remaining defendant is severed.

The plaintiff Lauren Eisenberg was a student manager of the men's varsity volleyball team at East Meadow High School. While retrieving a ball from under the bleachers at a game hosted by Valley Stream South High School, she tripped and fell over the electrical cord connecting the scorer's box to the outlet, allegedly sustaining injuries. The plaintiffs' theory of liability, as set forth in their complaint and bill of particulars, was that the defendant East Meadow Union Free School District (hereinafter the East Meadow district) was negligent "in the ownership, operation, maintenance, management and control" of the premises at which the accident occurred.

The Supreme Court erred in denying the motion of the East Meadow district for summary judgment. The game was being held at the Valley Stream South High School, a part of the defendant Valley Stream Central School District (hereinafter the Valley Stream district) which was solely responsible for setting up its gymnasium for use as a volleyball court. The record clearly establishes that the East Meadow district did not own, maintain, control, or care for the Valley Stream district's gymnasium, and the deposition testimony of the East Meadow district coach does not raise a question of fact in this regard. Accordingly, the complaint and all cross claims insofar as asserted against the East Meadow district are dismissed *(see, Dukes v Bethlehem Cent. School Dist.,* 216 AD2d 838; *McGrath v United Hosp.,* 167 AD2d 518; *Emlinger v Board of Educ.,* 132 AD2d 923; *Vogel v West Mtn. Corp.,* 97 AD2d 46). Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.