■ BARBIE-JO WICHY, Appellant, v CITY OF NEW YORK et al., Defendants, and BOARD OF EDUCATION OF CITY OF NEW YORK, Respondent. [758 NYS2d 385] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Mason, J.), dated July 9, 2001, which, upon the granting of the motion of the defendant Board of Education of the City of New York pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff allegedly was injured on June 15, 1995, when, while in the course of her employment as a teacher, she tripped and fell as she attempted to carry a box through a doorway in a wooden partition in the Canarsie High School gymnasium. The plaintiff alleged that the respondent, Board of Education of the City of New York, was negligent in failing to maintain

the property in a reasonably safe condition in that the riser or sill at the base of the partition doorway was 9½ inches high and created a tripping hazard.

Notwithstanding that the admission of expert opinion is a matter which rests within the discretion of the trial court, generally, an expert should be permitted to offer an opinion on an issue which involves " 'professional or scientific knowledge or skill not within the range of ordinary training or intelligence' " (*Selkowitz v County of Nassau,* 45 NY2d 97, 102 [1978], quoting *Dougherty v Milliken,* 163 NY 527, 533 [1900]; *see Dufel v Green,* 84 NY2d 795, 797-798 [1995]; *see De Long v County of Erie,* 60 NY2d 296, 307 [1983]). The Supreme Court abused its discretion in precluding the plaintiff's expert, a civil engineer with a Master's degree in transportation engineering, from testifying to "human factors" as they relate to the alleged dangerous condition represented by the allegedly oversized riser at the base of the partition doorway (*see Elmlinger v Board of Educ. of Town of Grand Is.,* 132 AD2d 923 [1987]). The expert also was improperly precluded from testifying to New York City Building Code requirements governing riser height in support of his opinion that the height of the riser was dangerous. Moreover, during the voir dire of the plaintiff's expert, the Supreme Court unfairly and improperly limited the plaintiff from laying the foundation for the proposed expert testimony (*see Werner v Sun Oil Co.,* 65 NY2d 839, 840 [1985]). Accordingly, the judgment must be reversed, the complaint reinstated, and the matter remitted to the Supreme Court, Kings County, for a new trial.

The plaintiff's remaining contentions are without merit. Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.