■ ELLIE BUTLER, an Infant, by ELAINE TUCKER et al., Her Parents and Guardians, et al., Respondents, v GERMANTOWN CENTRAL SCHOOL DISTRICT PARENT TEACHER STUDENT ASSOCIATION et al., Appellants, et al., Defendant. [956 NYS2d 333]—

---

**3.** The father previously executed a judicial surrender of his parental rights.

Kavanagh, J.

Plaintiffs have alleged, among other things, that the School District and the PTSA failed to properly supervise or monitor the use of the pinscreen exhibit during the Family Fun Night. They also allege that the PTSA did not take the steps necessary to insure that the pinscreen was safe, or that individuals who attended this event and used this exhibit were not subject to an unreasonable risk. The School District argues that the complaint against it should be dismissed because it did not direct or control how the Family Fun Night would be conducted and, therefore, owed no duty to plaintiff upon which it could be held legally responsible for this accident.

Whether the School District had such a legal duty depends upon whether it "had sufficient control over the event to be in a position to prevent the negligence" that caused this accident (*Dukes v Bethlehem Cent. School Dist.*, 216 AD2d 838, 838 [1995] [internal quotation marks omitted]; *see Matter of Kraszewski v Mohawk Cent. School Dist.*, 277 AD2d 923, 923 [2000]; *compare Curcio v Watervliet City School Dist.*, 21 AD3d 666, 667-668 [2005], *lv denied* 5 NY3d 715 [2005]). Initially, we

note that the School District's permission was required for the PTSA to hold this event on school grounds and, on the same night that the Family Fun Night event occurred, the School District was conducting a science fair on the premises. Both events were jointly promoted by the School District on its website, as well as in fliers it distributed throughout the School District. Moreover, its personnel helped set up the tables that were used for the Family Fun Night, and the School District nurse was on the scene to provide medical aid if needed. This evidence, in our view, creates triable questions of fact as to whether the School District had sufficient control over this event so that it could have taken reasonable steps that would have prevented this accident. As such, its motion for summary judgment was properly denied.

As for the PTSA, it argues that it was merely a sponsor of the Family Fun Night and had no control over the exhibits to be displayed or used at the event. In that regard, it points to the fact that Fleming actually erected the pinscreen and that it had no control over the exhibits to be displayed or how they were used at the event. However, this assertion is at odds with evidence establishing that Overington was in charge of the Family Fun Night and supervised other PTSA volunteers working at the event when the accident occurred. In that capacity, Overington determined where exhibits would be placed and made arrangements for Fleming to participate in the event, including the payment of his expenses. At the very minimum, a question of fact exists as to whether the PTSA exercised sufficient control over this event that created a duty to plaintiff upon which its legal responsibility for this accident could be based. As such, its motion for summary judgment was properly denied (*see generally Hunter v New York City Dept. of Educ.*, 95 AD3d 719, 720 [2012], *affd* 19 NY3d 1030 [2012]; *Knapp v Golub Corp.*, 72 AD3d 1260, 1262 [2010]).

Rose, J.P., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.