■ Kirk White, Respondent, et al., Plaintiffs, v Victor Luna et al., Appellants, et al., Defendant. [30 NYS3d 575]—

In an action to recover damages for personal injuries, the defendants Victor Luna and Ramiro Luna appeal from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), dated August 7, 2014, which, upon a jury verdict on the issue of damages awarding the plaintiff Kirk White the principal sum of $400,000, is in favor of the plaintiff Kirk White and against them in the principal sum of $400,000.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages only.

During the damages phase of this bifurcated trial, the Supreme Court precluded the appellants' biomechanical engineer from testifying. The determination of a witness's qualification to testify as an expert rests in the discretion of the trial court and will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion (*see Werner v Sun Oil Co.*, 65 NY2d 839, 840 [1985]; *Steinbuch v Stern*, 2 AD3d 709, 710 [2003]). Here, the Supreme Court erred in denying the appellants the opportunity to lay a foundation for the proposed expert testimony of their biomechanical engineer (*see Werner v Sun Oil Co.*, 65 NY2d 839 [1985]; *Wichy v City of New York*, 304 AD2d 755, 756 [2003]). Accordingly, a new trial on the issue of damages is warranted. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.