■ MILTON S. TRAUBNER, Appellant, v. ALBEN MOTOR CORP., Respondent. — Order of the Appellate Term entered February 10, 1972 unanimously affirming a judgment of the Civil Court entered June 1, 1971 granting judgment in favor of the defendant after trial reversed on the facts and law, the judgment of Civil Court vacated, and judgment granted to the plaintiff, with $60 costs and disbursements of this appeal to appellant. This is an action by a holder of a check drawn by the defendant-respondent, Alben Motor Corp. (hereinafter

called Alben), to the order of Astoria Transportation, Inc. (hereinafter called Astoria) and then indorsed to plaintiff-appellant. On November 23, 1966, Alben purchased five cars from Astoria and delivered its check for $5,000 in payment thereof, with the request to hold same since business was slow. It is alleged that it was subsequently agreed to allow Alben to work off the $5,000 by repairing and servicing Astoria's cars. When Alben requested the return of the check, it was told that the check was lost or misplaced, but not to worry since the check would never be used. In June, 1967, plaintiff recovered a judgment against Astoria and attached some of Astoria's stock of automobiles. In order to release the cars Astoria offered plaintiff Alben's check as part payment. On August 1, 1967, when plaintiff deposited the check, he was aware that the check was stale. Three days later the check was returned " payment stopped ". The Trial Judge in holding that the maker had a valid defense, said: " Since plaintiff was not a holder in due course, he took the check subject to any defenses the maker had against the original payee." Plaintiff appeals from the affirmance of the Civil Court judgment by leave of this court. The Trial Judge held that the amount of the check had been " worked off " and that this was a valid defense against the holder of the check, stating " that plaintiff was not a holder in due course * * * [that] he took the check subject to any defenses the maker had against the original payee." We hold the decision affirmed below is against the weight of the credible evidence. In an attempt to prove the defense, the record shows that one Danow testified that in November, 1966 he worked off the $5,000 represented by the check plus a few hundred dollars more by shaping up or cleaning over 50 cars of Astoria. The shaping up consisted of putting the cars in a mechanically marketable condition including installation of tires and some metal work. According to Danow's testimony, he performed the work in a seven-day period beginning November 3, 1966. The record is barren of any proof of the length of time the work consumed — not even an average amount work per car. Astoria received no list of motor vehicles or dates on which the shaping up was performed. The defendant kept no records. Astoria never rendered a statement of account and defendant was never furnished with any receipts or copies of any records that Astoria supposedly maintained. On the other hand, when defendant purchased cars from Astoria, defendant always secured a bill of sale. We hold that since defendant offered nothing more than the completely uncorroborated statement of Danow that it had paid off in excess the amount of the check by shaping up more than 50 of Astoria's cars; that the burden of proof of payment was not established. Defendant produced no documentation, no receipts, no statements demonstrating the work had been performed, when and to what extent. Although Astoria did not return the check to defendant after demand therefor, the defendant did not stop payment on the check until after plaintiff had deposited it. Under the provisions of CPLR 5522, we should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the trial court ought to have granted. (General Bronze Corp. v. North Amer. Van Lines, 39 A D 2d 72, 75.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions of law are made consonant with this decision. Concur — Stevens, P. J., Markewich, Kupferman, Murphy and McNally, JJ.