■ DONNA M. McKNIGHT, Appellant, et al., Plaintiff, v SALVATORE MURABITO, Respondent.—In an automobile negligence action to recover damages for personal injuries sustained in an automobile accident, the plaintiff Donna M. McKnight appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Orange County (King, J., at trial on liability; Ritter, J. at trial on damages), dated December 12, 1986, as, after a bifurcated nonjury trial, is in her favor only in the principal sum of $7,500.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Prior to the entry of judgment, the Supreme Court, Orange County (Ritter, J.), issued a decision and order which provided, in pertinent part:

"On the basis of the credible evidence adduced in the course of the trial just completed, I find for the plaintiff and award damages to her in the sum of $7,500.00.

"Plaintiff's injuries that would have occurred even if she were wearing a seat belt have the value indicated and thus I award her that sum".

Although the trial court has not stated in its decision the ultimate facts upon which its finding on the issue of damages depend, the record before us as to the damages portion of the bifurcated trial is complete, and this court will make the required findings of fact in the interests of saving judicial time and further litigation *(see,* CPLR 4213 [b]; *Matter of Jose L. I.,* 46 NY2d 1024; *Matter of Commissioner of Social Servs. of City of N. Y. v George C.,* 78 AD2d 541; *see also,* CPLR 5522; *Traubner v Alben Motor Corp.,* 40 AD2d 775).

The record reveals that the injured plaintiff did not seek immediate attention at the time of the accident. Some two hours after the accident, she went to the emergency room of St. Luke's Hospital where she was X-rayed and given a cervical collar and a prescription for Motrin. Although the plaintiff was examined and/or treated by a neurologist, a neurosurgeon, an orthopedist, and a chiropractor, none of

these doctors testified at the trial on damages. The "C.A.T. scan", "E.M.G." studies and nerve conduction velocity study to which the plaintiff was subjected all produced results which were entirely normal.

Doctor Joel Mandel, the orthopedist who examined the plaintiff more than two years subsequent to the accident, testified that the plaintiff was not really experiencing any pain as evidenced by the fact that she was very easily distracted away from her subjective complaints simply by conversation. In his report of orthopedic evaluation, Doctor Mandel indicated that the plaintiff experienced no present disability emanating from the acute cervical and thoracic strain which she sustained in the accident. Her sole disability was a mild tenderness in the right bicipital tendon for which he recommended steroid injections.

Although the plaintiff was out of work for approximately six months after the accident, there was insufficient medical proof connecting her absence from work with her accident-related injuries.

Viewing the evidence "in a light most favorable to sustain the trial court's judgment and giving due deference to its findings on credibility" (Tomaino v Tomaino, 68 AD2d 267, 269), we conclude that the damages awarded were adequate.

We have considered the plaintiff's remaining contention and find it to be without merit. Mollen, P. J. Thompson, Lawrence and Weinstein, JJ., concur.