■ ISIAK MCLAMB, Appellant, v METROPOLITAN SUBURBAN BUS AUTHORITY et al. Defendants, and JAMES E. HINES, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered February 2, 1987, which is in favor of the respondent and against him, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured in October of 1984 when the bus in which he was riding was struck in the rear by a vehicle driven by James Hines. The plaintiff was hospitalized for a week. His hospital records reveal that a diaphragmatic rupture was ruled out. He reentered the hospital in May of 1985 and underwent surgery to repair a diaphragmatic rupture.

The plaintiff's expert, Dr. Cutler, testified that he was "absolutely certain" that the motor vehicle accident caused plaintiff's diaphragmatic injury. The respondent's expert Dr.

Friedman, on the other hand, testified that plaintiff's injury was congenital. Dr. Friedman's testimony as to causation contradicted his two previous medical reports which had concluded that the cause of the injury was trauma. The respondent's second expert, Dr. White, a specialist in orthopedics, concurred with Dr. Friedman, although he had expressed no opinion regarding causation in his previously exchanged report.

The plaintiff claims that the testimony of Drs. White and Friedman violated the medical exchange rule contained in 22 NYCRR 202.17 (h), which provides, in pertinent part: "Unless an order to the contrary is made or unless the judge presiding at the trial in the interests of justice and upon a showing of good cause shall hold otherwise * * * no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports".

The trial court properly permitted both doctors to testify regarding the cause of the plaintiff's injury *(see, Holshek v Stokes,* 122 AD2d 777). Nor may the plaintiff claim surprise or prejudice by this testimony. As the trial court correctly noted, the issue of causation was implicit on the question of damages. Significantly, the plaintiff was hospitalized immediately after the accident and a diagnosis of diaphragmatic rupture was allegedly ruled out. Seven months later, he was readmitted with a preoperative diagnosis of diaphragmatic rupture, and the plaintiff's hospital records clearly raised a question as to the cause of his injuries. Moreover, the plaintiff's counsel cross-examined Dr. Friedman at length about the discrepancy between his opinion testimony and the opinion expressed in previous medical reports.

We disagree with the plaintiff's contention that Dr. White, who specialized in orthopedics, was not qualified to testify as to the cause of the plaintiff's injury which involves the speciality of internal medicine. Generally, whether a witness qualifies as an expert is a question for the trial court *(see, Meiselman v Crown Hgts. Hosp.,* 285 NY 389; Richardson, Evidence § 368 [Prince 10th ed]). Long observation, actual experience and/or study may qualify a witness as an expert in a field *(see, Meiselman v Crown Hgts. Hosp., supra),* and once the witness is allowed to testify as an expert the extent of the witness's qualifications becomes a matter to be weighed by the trier of fact *(Felt v Olson,* 51 NY2d 977). The record amply supports the trial court's decision to allow Dr. White to testify *(see, People v Rice,* 159 NY 400). Finally, upon our review of the record, we conclude that the jury's verdict was not against the

weight of the evidence. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.