■ MICHAEL GOLDMAN et al., Appellant, v COUNTY OF NASSAU, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated May 31, 1989, which, upon a jury verdict in favor of the defendant on the issue of liability, dismissed their complaint.

Ordered that the judgment is affirmed, with costs.

We reject the plaintiffs' contention that the trial court improperly disallowed the testimony of their expert witness. Whether a witness is qualified to testify as an expert is within the discretion of the trial court, and its determination will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion (see generally, Hong v County of Nassau, 139 AD2d 566; see also, Meiselman v Crown Hgts. Hosp., 285 NY 389, 398; Werner v Sun Oil Co., 65 NY2d 839, 840). Although the witness had extensive experience in the area of safety in scholastic sports, he did not possess the requisite expertise in designing and integrating the various facilities in a park (cf., Hong v County of Nassau, supra). It cannot be said that the court improvidently exercised its discretion given the facts of this case.

The plaintiffs' remaining contention is unpreserved for appellate review (see, CPLR 4110-b). Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.