■ CINDY DIMOND, Appellant, v HEINZ PET PRODUCTS COMPANY, Respondent. [748 NYS2d 262] —In an action to recover damages for personal injuries based on products liability, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated March 29, 2001, which granted that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability in her favor as a matter of law, and dismissed the complaint.

Ordered that the order is affirmed, with costs.

"Whether a witness is qualified to testify as an expert is within the discretion of the trial court, and its determination will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion" (*Goldman v County of Nassau,* 170 AD2d 648; *see Hong v County of Nassau,* 139 AD2d 566; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398-399). Here, the Supreme Court correctly determined that the plaintiff's expert witness was unqualified to offer testimony relevant to the alleged design defect in the defendant's product.

Under the facts of this case, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the jury's verdict in favor of the plaintiff on the issue of liability, as a matter of law (*see Lessard v Caterpillar, Inc.,* 291 AD2d 825, 826, *lv denied* 98 NY2d 603).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.