■ MICHAEL PIGNATARO, Appellant, v JOHN GALARZIA, Respondent. [757 NYS2d 76] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Ponterio, J.), dated May 21, 2002, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated June 26, 2002, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, who was preparing to install siding on the defendant's house, allegedly sustained injuries when the ladder he was standing on gave way because it was resting on a slippery, improperly sealed, wood deck. To support his prima facie claim that the deck sealant was negligently applied, the plaintiff sought to testify at trial as an expert on his own behalf. The Supreme Court precluded the plaintiff from testifying as an expert and granted the defendant's motion for summary judgment dismissing the complaint for failure to present a prima facie case of negligence. We affirm.

It is within the Supreme Court's sound discretion to determine whether a particular witness is qualified to testify as an expert, and its determination will not be disturbed in the

absence of a serious mistake, an error of law, or an improvident exercise of discretion (*see Dimond v Heinz Pet Prods. Co.,* 298 AD2d 426 [2002]; *Goldman v County of Nassau,* 170 AD2d 648 [1991]). A party offering the opinion of an expert must demonstrate that the expert possesses the requisite skill, training, education, knowledge, or experience to render a reliable opinion (*see Matott v Ward,* 48 NY2d 455, 459 [1979]; *Hofmann v Toys "R" Us-NY Ltd. Partnership,* 272 AD2d 296 [2000]). The court correctly determined that the plaintiff was unqualified to testify as an expert relative to the alleged negligent application of sealant on the defendant's deck. In the absence of evidence of a negligent application of sealant, liability will not be imposed (*see Beyda v Helmsley Enters.,* 261 AD2d 563, 564-565 [1999]; *Guarino v La Shellda Maintenance Corp.,* 252 AD2d 514, 515 [1998]).

The plaintiff's remaining contentions are without merit. Krausman, J.P., Townes, Crane and Rivera, JJ., concur.