■ LARRY LANGER, Respondent, v SETH A. MILLER et al., Appellants. [762 NYS2d 346] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered February 20, 2002, in favor of plaintiff and against defendants in the principal amount of $2,479,695.76, together with interest from January 1, 1997 amounting to $1,147,046.12, unanimously modified, on the law and the facts, to award damages in the principal amount of $2,352,687, and interest from the intermediate date of February 1, 1999 on the sum of $641,199.50 only, and otherwise affirmed, without costs.

A prior order of Supreme Court, striking defendants' answer due to disclosure violations and precluding them from affirmatively offering any evidence at inquest, was previously affirmed (281 AD2d 338 [2001]). By virtue thereof, defendants have admitted that they diverted the subject partnership's only asset, namely, the opportunity to control a building that the partnership was to commercially exploit for two years and then sell, and that plaintiff was entitled to an accounting as to value of the building and the income it has generated (*see Conteh v Hand*, 234 AD2d 96 [1996]). We reject defendants' argument that plaintiff's withdrawal of his cause of action for an accounting at the inquest, after the inquest court indicated it was ready to award an immediate money judgment, left him without a valid cause of action on which to base a valid

judgment. Indeed, there was virtually no partnership business for which to account, the parties' dealings as partners having ended when defendants usurped the opportunity soon after the initial capital contributions were made. If plaintiff believed he could prove the value of the building and the profits it generated without aid of defendants' books and records, that was his choice. In addition, once defendants' answer was stricken, they were not entitled to any further disclosure in preparation for the inquest (*see Yeboah v Gaines Serv. Leasing*, 250 AD2d 453 [1998]). Thus, the inquest court correctly refused to preclude plaintiff's expert from testifying even though plaintiff did not respond to the CPLR 3101 (d) notice that defendants served in connection with the inquest. Defendants' other challenges pertaining to plaintiff's expert are also unavailing. A licensed appraiser with 16 years' experience, among other qualifications, he was properly qualified as an expert (*see McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d 572, 573 [1988]), and, upon review of the record, we find that his valuations are supported by probative evidence (*cf. Matter of Taines v Gene Barry One Hour Photo Process*, 123 Misc 2d 529, 531 [1983], *affd* 108 AD2d 630 [1985], *lv denied* 67 NY2d 602 [1986]).

While the expert's reasonable approximation of lost profits suffices to sustain the award of $641,199.50 (*see Cristallina S.A. v Christie, Manson & Woods Intl.*, 117 AD2d 284, 295 [1986]; *Borne Chem. Co. v Dictrow*, 85 AD2d 646, 650-651 [1981]), no reason appears for the award of $119,008.76 in purported simple interest thereon. Instead, interest on that amount should be awarded from the reasonable intermediate date of February 1, 1999 (CPLR 5001 [b]). Accordingly, plaintiff's damages are $1,711,487.50 for his interest in the property, and $641,199.50 for lost profits with interest thereon from February 1, 1999. In addition, because the appraisal of the building was based on its current value, the award of interest thereon back to January 1, 1997 constituted an improper double recovery (*see Bamira v Greenberg*, 295 AD2d 206, 207 [2002]), and we modify to delete that award of interest as well.

We have considered defendants' other arguments and find them unavailing. Concur—Tom, J.P. Mazzarelli, Rosenberger, Ellerin and Williams, JJ.