█ DONNA STEINBUCH, Appellant, v ALAN STERN, Respondent, et al., Defendants. [770 NYS2d 106]—

In a podiatric malpractice action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Schulman, J.), entered June 18, 2002, which, upon the granting of the motion of the defendant Alan Stern pursuant to CPLR 4401 for judgment as a matter of law, made at the close of her case, is in favor of that defendant and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated against Alan Stern, and a new trial is granted, with costs to abide the event.

During a podiatric surgical procedure on her foot, the plaintiff sustained burn injuries to her calf, allegedly from an excessively heated hot water bottle. The respondent podiatrist, who admittedly was not licensed to treat leg injuries (*see Matter of Klein v Sobol*, 167 AD2d 625 [1990]), allegedly attempted to treat the burn injury and exacerbated the condition, resulting in this action.

At trial, the plaintiff attempted to adduce expert testimony from a licensed podiatrist, who had treated burns during his residency. The Supreme Court determined that only a medical doctor could offer the expert opinions necessary to sustain the plaintiff's burden of proof, and because she had no medical expert witness, the court granted the respondent's motion and dismissed the complaint insofar as asserted against him. We reverse.

It is well settled that the determination of a witness' qualification to testify as an expert rests in the sound discretion of the trial court (*see Meiselman v Crown Hgts. Hosp.*, 285 NY 389 [1941]; *McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d 572 [1988]; *Karasik v Bird*, 98 AD2d 359 [1984]) and "will not be disturbed in the absence of a serious mistake, an error of law or an improvident exercise of discretion" (*Pignataro v Galarzia*, 303 AD2d 667, 667-668 [2003]; *see Dimond v Heinz Pet Prods. Co.*, 298 AD2d 426 [2002]; *Goldman v County of Nassau*, 170 AD2d 648 [1991]). A witness may be qualified as an expert based upon "[l]ong observation, actual experience and/or study" (*McLamb v Metropolitan Suburban Bus Auth., supra* at 573). "No precise rule has been formulated and applied as to the exact manner in which such skill and experience must be acquired" (*Meiselman v Crown Hgts. Hosp., supra* at 398). Moreover, the lack of a medical license does not, in and of itself, disqualify a witness from testifying as an expert on a medical question (*see People v Rice*, 159 NY 400 [1899]; *Karasik v Bird, supra*).

In the instant case, the trial court abused its discretion in disqualifying the proffered expert because he did not have a medical degree. The court was required to assess his qualification as an expert based upon his professional background, training, study, and experience. The court did not attempt to make this kind of assessment and erroneously ruled that only a physician with a medical degree could testify with respect to causation.

The proffered expert, established, inter alia, that while New York State podiatrists are only licensed to treat below the ankle, he had experience in diagnosing and treating many burns both above and below the ankle. Thus, we find under the particular

circumstances of this case, that he was sufficiently qualified to offer expert testimony as to the respondent's alleged malpractice in his treatment of the plaintiff's burn injury. Furthermore, the trial court erred in not affording the plaintiff an opportunity to lay a foundation for qualification of her witness (*see Werner v Sun Oil Co.*, 65 NY2d 839 [1985]; *Wichy v City of New York*, 304 AD2d 755 [2003]). Accordingly, reversal is warranted and a new trial is granted. Santucci, J.P., S. Miller, McGinity and Schmidt, JJ., concur.