■ LILLY McGILLVERY, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [802 NYS2d 235]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Beldock, J.H.O.), entered May 20, 2004, which, after a nonjury trial on the issue of liability and a finding that the defendant City of New York was 75% at fault in the happening of the accident and she was 25% at fault, and after a nonjury trial on the issue of damages, is in her favor in the principal sum of only $7,500.

Ordered that the judgment is affirmed, with costs.

Although the trial court's decision does not state the essential facts upon which its finding on the issue of damages was based (*see* CPLR 4213 [b]), this Court has before it the complete record of the damages portion of the bifurcated trial and may therefore make the required findings of fact in the interests of saving judicial time and avoiding further litigation (*see* CPLR 4213 [b]; *Atlantic Contr. Corp. v Hartford Acc. & Indem. Co.*, 155 AD2d 571 [1989]; *McKnight v Murabito,*139 AD2d 571 [1988]; *cf. Matter of Jose L. I.*, 46 NY2d 1024, 1025 [1979]).

On October 3, 1996, the plaintiff, who was then 67 years old, tripped and fell while walking on a "cracked, broken and dilapidated sidewalk," abutting the subject premises located in Queens. She fell on her hands and knees, was able to walk away from the accident, and received medical treatment the same day for abrasions on her hand, knees and elbow. A few weeks later, the plaintiff began experiencing pain in her neck, right shoulder and arm, for which she received treatment throughout 1997 and 1998 and eventually underwent orthopedic surgery of her cervical spine in December 1998.

After a nonjury bifurcated trial on the issue of liability, the defendant City of New York was found to be 75% at fault in the happening of the accident and the plaintiff 25% at fault. At the

damages trial, the plaintiff was precluded from eliciting expert testimony from her medical witness to establish a specific causal relationship between her fall and subsequent complaints relating to her neck. The City was permitted to produce the expert testimony of Dr. Elisheva Flink, a board-certified orthopedic surgeon, who opined that the plaintiff's neck condition was not the result of trauma, but instead was caused by a progressive degenerative process attributable to arthritis.

The determination of a witness's qualification to testify as an expert rests in the sound discretion of the trial court (*see Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398-399 [1941]; *Smith v City of New York,* 238 AD2d 500, 500-501 [1997]; *McLamb v Metropolitan Suburban Bus Auth.,* 139 AD2d 572, 573 [1988]), and "will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion" (*Pignataro v Galarzia,* 303 AD2d 667, 667-668 [2003]; *see Woodhouse v Bombardier Motor Corp. of Am.,* 5 AD3d 1029, 1030 [2004]; *Steinbuch v Stern,* 2 AD3d 709 [2003]; *Dimond v Heinz Pet Prods. Co.,* 298 AD2d 426 [2002]; *Goldman v County of Nassau,* 170 AD2d 648 [1991]).

In this case, the plaintiff's medical witness, Dr. Carl Gray, was permitted to testify on direct examination that a traumatic event could, under certain circumstances, lead to some of the neck and arm symptoms exhibited by the plaintiff in the weeks following the accident. He also testified, on cross-examination, that the results of various diagnostic tests performed on the plaintiff's cervical spine in 1996 and 1997, after the accident, revealed conditions consistent with aging, osteoarthritis, and degenerative joint disease. He was precluded, however, from offering any opinion on the existence of a specific causal relationship between the accident and the plaintiff's subsequent neck condition. In light of Dr. Gray's lack of knowledge regarding the particular circumstances of the plaintiff's accident, coupled with his incomplete review of the plaintiff's medical records, we cannot conclude that the Supreme Court improvidently exercised its discretion in precluding him from offering an opinion on the issue of specific causation (*see Cassano v Hagstrom,* 5 NY2d 643, 645-646 [1959]; *Woodhouse v Bombardier Motor Corp. of Am., supra; Pignataro v Galarzia, supra; Dimond v Heinz Pet Prods. Co., supra; People v Zavaro,* 138 AD2d 430 [1988]).

Moreover, viewing the evidence "in a light most favorable to sustain the trial court's judgment and giving due deference to its findings on credibility" (*Tomaino v Tomaino,* 68 AD2d 267, 269 [1979]), we conclude that the damages awarded were adequate (*see McKnight v Murabito, supra* at 572).

The plaintiff's remaining contentions are either without merit or need not be addressed in light of our determination. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.