■ Maria Ofelia Nino de Hernandez, Appellant, v Lutheran Medical Center et al., Defendants, and Raymond Barry Walsh et al., Respondents. [850 NYS2d 460]—

In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Patterson, J.), dated January 22, 2007, which, upon the granting of the separate motions of the defendants Robert Barry Walsh and Ruben Toribio pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, is in favor of those defendants and against her, dismissing the complaint insofar as asserted against them.

Ordered that the judgment is affirmed, with one bill of costs.

It is within the Supreme Court's sound discretion to determine whether a particular witness is qualified to testify as an expert, and its determination will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of

discretion (*see Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398-399 [1941]; *Steinbuch v Stern,* 2 AD3d 709, 710 [2003]; *Pignataro v Galarzia,* 303 AD2d 667, 667-668 [2003]; *Dimond v Heinz Pet Prods. Co.,* 298 AD2d 426 [2002]; *Goldman v County of Nassau,* 170 AD2d 648 [1991]; *McLamb v Metropolitan Suburban Bus Auth.,* 139 AD2d 572, 573 [1988]; *Karasik v Bird,* 98 AD2d 359, 362 [1984]). An expert is qualified to proffer an opinion if he or she possesses the requisite skill, training, education, knowledge, or experience to render a reliable opinion (*see Matott v Ward,* 48 NY2d 455, 459 [1979]; *see Miele v American Tobacco Co.,* 2 AD3d 799, 802 [2003]). In this case, the Supreme Court providently determined that the plaintiff's expert on the issue of causation, a physicist who studied the growth patterns of breast cancer in general, was unqualified to render expert testimony regarding the rate of growth of the decedent's tumor, a retroperitoneal sarcoma. The expert, who was not a physician, showed no specialized knowledge, experience, training, or education from which it could be inferred that his opinion regarding the growth of the decedent's sarcoma would be reliable (*see Matott v Ward,* 48 NY2d at 455, 459; *Behar v Coren,* 21 AD3d 1045, 1047 [2005]; *Rosen v Tanning Loft,* 16 AD3d 480 [2005]; *Miele v American Tobacco Co.,* 2 AD3d at 802).

Without any relevant expert testimony, the plaintiff was unable to present a prima facie case of medical malpractice. Therefore, the Supreme Court properly directed judgment in favor of the defendants Raymond Barry Walsh and Ruben Toribio at the conclusion of the plaintiff's case. In light of our determination, we need not reach the respondents' remaining contention. Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.