FREDERIC NEUMAN et al., Respondents-Appellants, v UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant-Respondent. [905 NYS2d 202]—

In an action, inter alia, to recover damages for breach of an insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered July 6, 2009, as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as asserted a claim for losses caused by water damage, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment on the issue of liability with respect to their claim for losses caused by water damage.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as asserted a claim for losses caused by water damage, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the defendant.

The plaintiffs' basement was damaged as a result of water penetration through the exterior wall in one corner of the basement. According to the plaintiffs' expert, the water originated "from the outside," in other words, it was "rain water." The plaintiffs' homeowner's insurance policy, issued by the defendant, contained an exclusion for "loss caused directly or indirectly by . . . water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure."

In support of its motion for summary judgment, the defendant established that the loss was caused by rain water that

seeped from the soil through the basement wall. Thus, the defendant made a prima facie showing that an excluded peril was the dominant and proximate cause of the water damage (*see Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008, 1010-1011 [1992]; *Kannatt v Valley Forge Ins. Co.*, 228 AD2d 564, 564-565 [1996]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether an excluded peril, i.e., rain water that had soaked into the soil, was the dominant and proximate cause of the water damage to their basement (*cf. Novick v United Servs. Auto. Assn.*, 225 AD2d 676, 677 [1996]). "As read by the ordinary and reasonable business person" (*Album Realty Corp. v American Home Assur. Co.*, 80 NY2d at 1010), a loss caused by "water below the surface of the ground" would certainly be found to encompass water that entered the soil from above, i.e., in the form of rain water, as posited by the plaintiffs in their bill of particulars. The plaintiffs' speculative assertions that the water damage to the basement could have been caused by any of a number of factors, such as corrosion, entry of water through the basement windows, or condensation, were entirely unsupported by the conclusions of their own expert, as well as their admission in their motion papers that the water entered the basement by seeping through the basement walls. Accordingly, their opposition was insufficient to defeat the defendant's motion (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Kannatt v Valley Forge Ins. Co.*, 228 AD2d at 565), and the Supreme Court should have granted the defendant's motion in its entirety.

In light of our determination, we need not address the parties' remaining contentions. Covello, J.P., Dickerson, Eng and Austin, JJ., concur.