■ Robert Riccio, Appellant, v NHT Owners, LLC, et al., Respondents. [914 NYS2d 238]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Solomon, J.), entered November 2, 2009, which, upon the withdrawal of his causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) and upon an order of the same court dated March 10, 2009, in effect, granting the defendants' application to preclude the testimony of the plaintiff's expert, is in favor of the defendants and against him, in effect, dismissing the remainder of the complaint asserting a cause of action pursuant to Labor Law § 240 (1).

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, so much of the complaint as asserts a cause of action pursuant to Labor Law § 240 (1) is reinstated, a new trial is granted, and the order dated March 10, 2009, is vacated.

The plaintiff, an elevator mechanic, alleged that he was injured when an eight-foot-long, A-frame ladder upon which he was standing toppled over, causing him to fall and sustain injuries. At the time, the plaintiff was replacing a hoistway door track on a malfunctioning elevator located in a building owned by the defendant NHT Owners, LLC (hereinafter NHT), and managed by the defendant Mallory Management Corp. (hereinafter Mallory). The plaintiff thereafter commenced this action against NHT and Mallory (hereinafter together the defendants), among others, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

On a prior appeal, this Court affirmed the Supreme Court's denial of the plaintiff's motion for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1), and the denial of those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence, violations of Labor Law §§ 200 and 240 (1), and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon an alleged violation of 12 NYCRR 23-1.21 (b) (1) and (3) (iv) (see *Riccio v NHT Owners, LLC*, 51 AD3d 897 [2008]). Before the trial, the plaintiff withdrew his causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6). Therefore, the only cause of action remaining was based on Labor Law § 240 (1).

After the trial commenced, the Supreme Court, in an order dated March 10, 2009, in effect, granted the defendants' application to preclude the testimony of the plaintiff's expert on the ground that she was not qualified to testify. Subsequently, a judgment was entered dismissing the complaint. We reverse.

"It is within the Supreme Court's sound discretion to determine whether a particular witness is qualified to testify as an expert, and its determination will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion" (*de Hernandez v Lutheran Med. Ctr.*, 46 AD3d 517, 517-518 [2007]; *see Werner v Sun Oil Co.*, 65 NY2d 839 [1985]; *Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398 [1941]; *Steinbuch v Stern*, 2 AD3d 709, 710 [2003]; *Pignataro v Galarzia*, 303 AD2d 667 [2003]; *McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d 572 [1988]). "An expert is qualified to proffer an opinion if he or she possesses the requisite skill, training, education, knowledge, or experience to render a reliable opinion" (*de Hernandez v Lutheran Med. Ctr.*, 46 AD3d at 518; *see Matott v Ward*, 48 NY2d 455, 459 [1979]; *Pignataro v Galarzia*, 303 AD2d at 668; *Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296 [2000]). "The competence of an expert in a particular subject may derive from long observation and real world experience, and is not dependent upon formal training or attainment of an academic degree in the subject" (*Miele v American Tobacco Co.*, 2 AD3d 799, 802 [2003]; *see Caprara v Chrysler Corp.*, 52 NY2d 114, 121 [1981]; *McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d at 573).

Here, the plaintiff's expert demonstrated that she possessed the requisite skill, training, education, knowledge, and experience to render a reliable opinion as to whether the ladder provided to the plaintiff was appropriate for the repair he was performing (*see Caprara v Chrysler Corp.*, 52 NY2d at 121; *Brown v Concord Nurseries, Inc.*, 53 AD3d 1067, 1068 [2008]; *Miele v American Tobacco Co.*, 2 AD3d at 802). The defendants' objections to the expert's qualifications should not have precluded the admission of her testimony, but rather, went to the weight to be accorded to it by a jury (*see Ochoa v Jacobsen Div. of Textron, Inc.*, 16 AD3d 393 [2005]; *Miele v American Tobacco Co.*, 2 AD3d at 802; *McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d at 573). Accordingly, the Supreme Court improvidently exercised its discretion in, in effect, granting the defendants' application to preclude the testimony of the plaintiff's expert on the ground that she was not qualified to testify. Under the circumstances of this case, a new trial is warranted. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.