*806 “[I]n order for appreciation in the value of separate property to be deemed marital property subject to equitable distribution, the nontitled spouse must demonstrate the manner in which his [or her] contributions resulted in the increase in value and the amount of the increase which was attributable to his [or her] efforts” (Embury v Embury, 49 AD3d 802, 804 [2008] [citations and internal quotation marks omitted]; see Price v Price, 69 NY2d 8, 18 [1986]; Imhof v Imhof, 259 AD2d 666, 667 [1999]). Here, although the appellant does not take issue with the Supreme Court’s determination that the marital residence is the separate property of the defendant, she argues that she is entitled to a portion of the appreciation in its value over the course of the marriage. Contrary to the appellant’s contention, she failed to sustain her burden of demonstrating the manner in which her contributions resulted in the increase in the value of the marital residence over the course of the marriage (see Embury v Embury, 49 AD3d at 804; cf. Imhof v Imhof, 259 AD2d at 667). Accordingly, the Supreme Court properly determined that the appreciation in the value of the marital residence constituted the defendant’s separate property.
With respect to certain personal property and bank accounts, and the defendant’s pension and IRA account, the Supreme Court providently exercised its discretion in evaluating the credibility of the witnesses in making its equitable distribution determination after a nonjury trial, and the court’s assessment of the credibility of the witnesses is entitled to great weight on appeal (see Scher v Scher, 91 AD3d 842, 846 [2012]; Schwartz v Schwartz, 67 AD3d 989, 990 [2009]). Under the circumstances here, we decline to disturb the Supreme Court’s determination with respect to the equitable distribution of that property.
“It is within the Supreme Court’s sound discretion to determine whether a particular witness is qualified to testify as an expert, and its determination will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion” (Pignataro v Galarzia, 303 AD2d 667, 667-668 [2003]; see Riccio v NHT Owners, LLC, 79 AD3d 998, 1000 [2010]; Hutchinson v Crown Equip. Corp., 48 AD3d 421 [2008]). An expert is qualified to proffer an opinion if he or she possesses “the requisite skill, training, education, knowledge, or experience to render a reliable opinion” (Pignataro v Galarzia, 303 AD2d at 668; see Riccio v NHT Owners, LLC, 79 AD 3d at 1000). “The competence of an expert in a particular subject may derive from long observation and real world experience, and is not dependent upon formal training or attainment of an academic degree in the subject” (Riccio v NHT Owners, LLC, *807 79 AD3d at 1000 [internal quotation marks omitted]). Contrary to the appellant’s contention, the Supreme Court providently exercised its discretion in determining that one of the defendant’s witnesses, a certified residential appraiser with more than 10 years of experience, was qualified to testify as an expert with respect to valuation of the parties’ respective residential properties (see Longer v Miller, 305 AD2d 270, 271 [2003]).
The Supreme Court properly awarded the defendant an attorney’s fee in the sum of $5,000, based on the relative financial circumstances of the parties, the relative merits of their positions at trial, and its finding that the appellant’s actions prolonged the litigation (see Domestic Relations Law § 237 [a]; Johnson v Chapin, 12 NY3d 461, 467 [2009]; Quinn v Quinn, 73 AD3d 887 [2010]).
The appellant’s remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.