In an action, inter alia, for a judgment declaring that a loss to the plaintiffs’ property is covered under a homeowners’ insurance policy issued by the defendants, the defendants appeal from an order of the Supreme Court, Nassau County (Winslow, J.), dated July 30, 2011, which denied their motion for summary judgment dismissing the complaint and declaring that the loss is not covered under the policy.
Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the loss to the plaintiffs’ property is not covered under the homeowners’ insurance policy issued by the defendants.
The plaintiffs’ basement was damaged when water entered through a basement window that was knocked out of its frame during a storm. The plaintiffs’ homeowners’ insurance policy, issued by the defendants, contained an exclusion for, inter alia, water damage, which was defined as “[fllood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind.”
In support of their motion for summary judgment, the defendants made a prima facie showing that an excluded peril caused the water damage by establishing that the loss was caused by surface water that pressed against the basement window, knocking it out of its frame, which, in turn, allowed five feet of water to flood the plaintiffs’ basement (see Kannatt v Valley Forge Ins. Co., 228 AD2d 564, 564-565 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Neuman v United Servs. Auto. Assn., 74 AD3d 925, 925-926 [2010]; Kannatt v Valley Forge Ins. Co., 228 AD2d at 564-565). Accordingly, the defendants were entitled to summary judgment and a declaration in their favor.
*660 The plaintiffs’ remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the loss to the plaintiffs’ property is not covered under the homeowners’ insurance policy issued by the defendants (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Mastro, J.E, Angiolillo, Chambers and Cohen, JJ., concur.