■ ALBERT FELICIA, Appellant, v BORO CRESCENT CORP. et al., Respondents. [964 NYS2d 158]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bunyan, J.), entered July 29, 2011, which, upon a jury verdict in favor of the defendants and against him on the issue of liability, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff's contention that he was entitled to judgment as a matter of law on the issue of liability is unpreserved for appel-

late review, since he failed to request that relief in the Supreme Court (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Volino v Long Is. R.R. Co.*, 83 AD3d 693 [2011]; *Salony v Mastellone*, 72 AD3d 1060 [2010]; *Gonyon v MB Tel.*, 36 AD3d 592 [2007]; *Ford v Southside Hosp.*, 12 AD3d 561 [2004]).

Contrary to the plaintiff's contention, the verdict was not contrary to the weight of the evidence. "[A] jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Lopreiato v Scotti*, 101 AD3d 829, 829 [2012]; *see Das v Costco Wholesale Corp.*, 98 AD3d 712 [2012]; *Coma v City of New York*, 97 AD3d 715 [2012]; *Bonny v Pierre*, 91 AD3d 694 [2012]; *Semel v Guzman*, 84 AD3d 1054 [2011]). The jury's determinations as to the credibility of the witnesses, and its resolution of conflicting expert testimony, are entitled to deference on appeal, as the jury had the opportunity to see and hear the witnesses (*see Lopreiato v Scotti*, 101 AD3d at 830; *Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983 [2012]; *Vaccarino v Mad Den, Inc.*, 100 AD3d 867 [2012]; *Francis v Leon D. Dematteis Assoc., LLC*, 99 AD3d 856 [2012]; *Jean-Louis v City of New York*, 86 AD3d 628 [2011]; *Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587 [2011]). Based on the evidence adduced at trial, the verdict in favor of the defendants should not be disturbed.

It is within the Supreme Court's sound discretion to determine whether a particular witness is qualified to testify as an expert (*see de Hernandez v Lutheran Med. Ctr.*, 46 AD3d 517 [2007]; *Steinbuch v Stern*, 2 AD3d 709 [2003]; *Pignataro v Galarzia*, 303 AD2d 667 [2003]; *McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d 572 [1988]). "The competence of an expert in a particular subject may derive from long observation and real world experience, and is not dependent upon formal training or attainment of an academic degree in the subject" (*Miele v American Tobacco Co.*, 2 AD3d 799, 802 [2003]; *see Caprara v Chrysler Corp.*, 52 NY2d 114, 121 [1981]; *McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d at 572). Here, the Supreme Court did not improvidently exercise its discretion in recognizing the defendants' witness as an expert in the field of accident reconstruction. Moreover, contrary to the plaintiff's contention, the defendants' expert's testimony was properly admitted since it was "based on facts in the record and his own analysis, not speculation" (*Plainview Water Dist. v Exxon Mobil Corp.*, 66 AD3d 754, 755 [2009]; *see Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520 [2007]).

The plaintiff's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.