■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY DORVILIER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY'S NURSES REGISTRY, INC., Appellant. [996 NYS2d 111]—

Appeals by the defendants from two respective judgments of the Supreme Court, Queens County (Blumenfeld, J.) (one as to each of them), both rendered October 4, 2012, convicting each of them of grand larceny in the third degree (2 counts each) and grand larceny in the fourth degree (11 counts each), upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendants' contention that the verdict was repugnant is unpreserved for appellate review, as they failed to raise this issue before the discharge of the jury (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Boley*, 116 AD3d 965, 966 [2014]; *People v Jackson*, 101 AD3d 1153 [2012]; *People v Shamsiddeen*, 98 AD3d 694 [2012]), and, in any event, is without merit.

The qualification of a witness to testify as an expert is a matter that rests in the sound discretion of the trial court, and the court's determination should not be disturbed on appeal in the absence of a serious mistake, an error of law, or an improvident exercise of discretion (*see Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398-399 [1941]; *Felicia v Boro Crescent Corp.*, 105 AD3d 697, 698 [2013]; *Riccio v NHT Owners, LLC*, 79 AD3d 998, 1000 [2010]; *de Hernandez v Lutheran Med. Ctr.*, 46 AD3d 517 [2007]; *Steinbuch v Stern*, 2 AD3d 709, 710 [2003]). "The competence of an expert in a particular subject may derive from long observation and real world experience, and is not depen-

dent upon formal training or attainment of an academic degree in the subject" (*Miele v American Tobacco Co.*, 2 AD3d 799, 802 [2003]; *see Caprara v Chrysler Corp.*, 52 NY2d 114, 121 [1981]; *Meiselman v Crown Hgts. Hosp.*, 285 NY at 398; *Felicia v Boro Crescent Corp.*, 105 AD3d 697, 698 [2013]; *McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d 572, 573 [1988]). Here, the Supreme Court did not improvidently exercise its discretion in allowing the People's witness to testify as an expert on the subject of the requirements, restrictions, and prohibitions of the Workers' Compensation Law. Moreover, the court providently exercised its discretion in determining the admissibility and scope of the expert's testimony (*see People v Williams*, 20 NY3d 579, 584 [2013]; *People v Lee*, 96 NY2d 157, 162 [2001]; *People v Hill*, 85 NY2d 256, 261 [1995]; *De Long v County of Erie*, 60 NY2d 296, 307 [1983]), which, here, was helpful in clarifying issues beyond the ken of the typical juror (*see People v Diaz*, 20 NY3d 569, 575 [2013]; *People v Williams*, 20 NY3d at 584; *People v Rivers*, 18 NY3d 222, 228 [2011]; *People v Hill*, 85 NY2d at 261; *De Long v County of Erie*, 60 NY2d at 307).

The defendants' contention that they were deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendants were deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). Since the defendants' claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The defendants' remaining contention is unpreserved for appellate review, and, in any event, without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.