■ PARK EAST CONSTRUCTION CORP., as Assignee of Davidson Group Companies, Inc., Doing Business as Gilmour Supply Co., Respondent, v EAST COAST MECHANICAL SERVICES, INC., et al., Appellants. [18 NYS3d 560]—In a class action, inter alia, to

recover damages for breach of contract and for diversion of trust assets pursuant to article 3-A of the Lien Law, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered September 10, 2013, as, upon a decision of the same court dated July 30, 2013, made after a nonjury trial, is in favor of the plaintiff (a) on behalf of Davidson Group Companies, Inc., doing business as Gilmour Supply Co., and against them in the total sum of $101,400.84, (b) on behalf of Associated Testing and Balancing, Inc., and against them in the total sum of $3,888.10, (c) on behalf of Johnson Controls, Inc., and against them in the total sum of $14,267.08, (d) on behalf of Island Insulation, and against the defendants William Sallee and Carlyle J. Sallee in the total sum of $58,281.26, and (e) against the defendants, in effect, dismissing their counterclaim, and (f) awarding the plaintiff an attorney's fee in the sum of $50,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Although the decision of the trial court upon which the judgment was based did not state the essential facts upon which the findings on the issue of damages were based (see CPLR 4213 [b]), this Court has before it the complete trial record, which is sufficient for this Court to conduct an independent review of the evidence (see CPLR 4213 [b]; *McGillvery v City of New York*, 22 AD3d 537, 537 [2005]; *Atlantic Contr. Corp. v Hartford Acc. & Indem. Co.*, 155 AD2d 571, 572 [1989]; *McKnight v Murabito*, 139 AD2d 571, 571 [1988]).

We conclude that the judgment was warranted by the facts presented at trial (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *DeAngelis v DeAngelis*, 104 AD3d 901, 902 [2013]).

The defendants' remaining contentions are without merit. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.