People v Okonkwo (2018 NY Slip Op 08329)





People v Okonkwo


2018 NY Slip Op 08329


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-10272
 (Ind. No. 1487/15)

[*1]The People of the State of New York, respondent,
v
Charles Okonkwo, Jr., appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered September 16, 2016, convicting him of manslaughter in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The qualification of a witness to testify as an expert is a matter that rests in the sound discretion of the trial court, and the court's determination should not be disturbed on appeal in the absence of a serious mistake, an error of law, or an improvident exercise of discretion (see Meiselman v Crown Hgts. Hosp., 285 NY 389, 398-399; Felicia v Boro Crescent Corp., 105 AD3d 697, 698; Riccio v NHT Owners, LLC, 79 AD3d 998; de Hernandez v Lutheran Med. Ctr., 46 AD3d 517; Steinbuch v Stern, 2 AD3d 709, 710). "The competence of an expert in a particular subject may derive from long observation and real world experience, and is not dependent upon formal training or attainment of an academic degree in the subject" (Miele v American Tobacco Co., 2 AD3d 799, 802; see Caprara v Chrysler Corp., 52 NY2d 114, 121; Meiselman v Crown Hgts. Hosp., 285 NY at 398; Felicia v Boro Crescent Corp., 105 AD3d at 698; McLamb v Metropolitan Suburban Bus Auth., 139 AD2d 572, 573). Here, the County Court did not improvidently exercise its discretion in allowing the People's witness to testify as an expert on the subject of the traumatic injuries that the complainant suffered and the causes of those injuries. Moreover, the court providently exercised its discretion in determining the admissibility and scope of the expert's testimony (see People v Williams, 20 NY3d 579, 584; People v Lee, 96 NY2d 157, 162; People v Hill, 85 NY2d 256, 261; De Long v County of Erie, 60 NY2d 296, 307), which, here, was helpful in clarifying issues beyond the ken of the typical juror (see People v Diaz, 20 NY3d 569, 575; People v Williams, 20 NY3d at 584; People v Rivers, 18 NY3d 222, 228; People v Hill, 85 NY2d at 261; De Long v County of Erie, 60 NY2d at 307).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court