Lieberman-Massoni v Massoni (2023 NY Slip Op 01788)

Lieberman-Massoni v Massoni

2023 NY Slip Op 01788

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2019-06610
 (Index No. 2175/12)

[*1]Stacee Lieberman-Massoni, respondent,
v
John Massoni, appellant. Joseph R. Miano, White Plains, NY, for appellant.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated April 30, 2019. The order, insofar as appealed from, awarded the plaintiff the sum of $716,931.50 in attorney's fees and the sum of $72,110 in expert fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"An award of a reasonable attorney's fee is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed" (Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964 [internal quotation marks omitted]).
"It is within the Supreme Court's sound discretion to determine whether a particular witness is qualified to testify as an expert, and its determination will not be disturbed in the absence of serious mistake, an error of law, or an improvident exercise of discretion" (de Hernandez v Lutheran Med. Ctr., 46 AD3d 517, 517-518). "An expert is qualified to proffer an opinion if he or she possesses 'the requisite skill, training, education, knowledge, or experience to render a reliable opinion'" (Formica v Formica, 101 AD3d 805, 806, quoting Pignataro v Galarzia, 303 AD2d 667, 668). "The competence of an expert in a particular subject may derive from long observation and real world experience, and is not dependent upon formal training or attainment of an academic degree in the subject" (Miele v American Tobacco Co., 2 AD3d 799, 802).
Here, contrary to the defendant's contentions, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff the sum of $716,931.50 in attorney's fees and the sum of $72,110 in expert fees, which are 70% of the amount determined by the court to be the reasonable and necessary attorney's fees and expert fees incurred by the plaintiff (see e.g. Klein v Klein, 178 AD3d 802; Vistocco v Jardine, 116 AD3d 842, 844; see Lieberman-Massoni v Massoni, ___ AD3d ____ [Appellate Division Docket No. 2019-02938]; decided herewith).
The defendant's remaining contentions are either not properly before this Court or without merit.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.

2019-06610 DECISION & ORDER ON MOTION
Stacee Lieberman-Massoni, respondent,
v John Massoni, appellant.
(Index No. 2175/12)

Motion by the respondent, inter alia, to strike stated portions of the appellant's brief
on an appeal from an order of the Supreme Court, Westchester County, dated April 30, 2019, on the ground that they refer to matter dehors the record, and to strike Point IV of the appellant's brief on the ground that it raises issues not properly before this Court. By decision and order on motion dated August 17, 2020, those branches of the motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that those branches of the motion which are to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record, and to strike Point IV of the appellant's brief on the ground that it raises issues not properly before this Court are denied.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court