Meghji v Loughlin (2020 NY Slip Op 05202)





Meghji v Loughlin


2020 NY Slip Op 05202


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2016-09612
 (Index No. 600194/13)

[*1]Mohsin Y. Meghji, appellant,
v
James Loughlin, respondent.


Golenbock Eiseman Assor Bell & Peskoe LLP, New York, NY (Jeffrey T. Golenbock of counsel), for appellant.
Forchelli Deegan Terrana LLP, Uniondale, NY (Jeffrey G. Stark and Nathan R. Jones of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Edward A. Maron, J.), dated September 1, 2016. The judgment, upon a decision of the same court (F. Dana Winslow, J.), dated December 4, 2015, made after a nonjury trial, and a decision of the same court (Edward A. Maron, J.), dated June 2, 2016, made after a hearing on the issue of the amount of attorneys' fees to be awarded to the defendant, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint and awarding the defendant attorneys' fees in the principal sum of $673,331.90.
ORDERED that the judgment is reversed, on the law and the facts, with costs, the plaintiff is awarded judgment, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of attorneys' fees and the entry of an appropriate judgment thereafter.
On October 14, 2011 (hereinafter the closing date), the plaintiff and the defendant entered into an agreement of purchase and sale of stock (hereinafter the PSA) wherein the defendant purchased the plaintiff's shares of a corporation in which they were the sole shareholders. Paragraph 8.2 of the PSA provided that the plaintiff was entitled to, inter alia, the value of his share of the net working capital of the corporation as of the closing date. The year-end bonuses paid to the corporation's employees were a significant corporate liability, which needed to be considered when calculating the corporation's mid-year net working capital. Based upon the average bonuses paid for the preceding three years, the parties agreed to use 20% of revenue, as calculated pursuant to generally-accepted accounting principles (hereinafter GAAP), through the date of closing to project estimated total bonuses, subject to a "true up" at the end of the year.
When the true up calculation was ultimately made, the parties disagreed upon the proper construction of the language of paragraph 8.2 of the PSA. The plaintiff thereafter commenced this action, contending, inter alia, that he was entitled to additional compensation pursuant to paragraph 8.2 of the PSA, and an award of attorneys' fees, as provided in paragraph 10.11 of the PSA. The defendant counterclaimed for an award of attorneys' fees, as provided in paragraph 10.11 [*2]of the PSA. After a nonjury trial, in a decision dated December 4, 2015, the Supreme Court directed dismissal of the complaint, granted the defendant's counterclaim, and scheduled a hearing on the amount of attorneys' fees to be awarded to the defendant. After the hearing, in a decision dated June 2, 2016, the court determined that the defendant was entitled to an award of attorneys' fees in the principal sum of $673,331.90. The plaintiff appeals.
Although the trial court did not state the essential facts upon which its determination was based (see CPLR 4213[b]), this Court has before it the complete trial record, which is sufficient to conduct an independent review of the evidence so as to make the requisite findings of fact (see Berde v North Shore-Long Is. Jewish Health Sys., Inc., 162 AD3d 624, 625; Park E. Constr. Corp. v East Coast Mech. Servs., Inc., 133 AD3d 581, 582; Matter of Deepti v Kaushik, 126 AD3d 790). In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts (see Matter of State of New York v Claude McC., 163 AD3d 686; Berde v North Shore-Long Is. Jewish Health Sys., Inc., 162 AD3d at 625; Ciringione v Ryan, 162 AD3d 634, 635; World Ambulette Transp., Inc. v Lee, 161 AD3d 1028, 1030). Upon our independent review, the determination to dismiss the complaint was not warranted by the facts presented at trial.
"[T]he 'fundamental, neutral precept of contract interpretation . . . [is] that agreements are construed in accord with the parties' intent,' and '[t]he best evidence of what parties to a written agreement intend is what they say in their writing'" (2138747 Ontario, Inc. v Samsung C & T Corp., 31 NY3d 372, 377, quoting Greenfield v Philles Records, 98 NY2d 562, 569; see Marin v Constitution Realty, LLC, 28 NY3d 666, 673). Accordingly, "'[a] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (Marin v Constitution Realty, LLC, 28 NY3d at 673, quoting Greenfield v Philles Records, 98 NY2d at 569; see Beardslee v Inflection Energy, LLC, 25 NY3d 150, 157; NML Capital v Republic of Argentina, 17 NY3d 250, 259; Brad H. v City of New York, 17 NY3d 180, 185).
Here, the PSA defined net working capital as current assets minus current liabilities, as calculated pursuant to GAAP, and provided that "[i]n the event that the actual annual bonuses paid to the Corporation'[s] employees for the calendar year 2011, pro-rated to account for the period of time between January 1, 2011, and the date of Closing, are less than the pro-rated amount of the bonuses used in the calculation of Net Working Capital, then the Corporation shall distribute to [the plaintiff] one-half of such difference." The plain language of this clause, which explicitly refers to "the period of time" between the beginning of the year and the closing date, required that employee bonuses be prorated based upon the percentage of the year which had passed prior to the closing date, as argued by the plaintiff, rather than the percentage of the corporation's revenue which had been realized prior to the closing date, as argued by the defendant. Accordingly, the Supreme Court should have awarded the plaintiff additional compensation pursuant to paragraph 8.2 of the PSA and attorneys' fees pursuant to paragraph 10.11 of the PSA, and should have denied the defendant's counterclaim for an award of attorneys' fees.
In light of the foregoing, we need not reach the plaintiff's remaining contention.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court